UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ERNEST BIMPEH,

        Petitioner,

        v.

UNITED STATES OF AMERICA,

        Respondent.
---------------------------------------------------------------x

**<u>MEMORANDUM AND ORDER</u>**
No. 05 Civ. 3011 (LBS)
No. 03 Cr. 206 (LBS)

SAND, J.:

    Petitioner Ernest Bimpeh brings this motion pursuant to 28 U.S.C. § 2255, claiming that he was denied effective assistance of counsel with respect to the restitution that he was ordered to pay following his guilty plea on October 7, 2003 and sentencing by this Court on January 19, 2005. Specifically, Petitioner claims that he was denied effective assistance of counsel because (1) his lawyer incorrectly assured him that he would not be required to pay restitution if he pled guilty, and (2) Petitioner's counsel failed to file a notice of appeal to challenge the Court's restitution order despite Bimpeh's instructions to do so immediately after he was sentenced. For the foregoing reasons, Petitioner's motion is denied.

    The Court starts its analysis with the text of the statute. Section 2255 states the following:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. The statute, by its text, only confers subject matter on courts where a prisoner is in "custody" and is "claiming the right to be released." *Id.* As Bimpeh is no longer in custody, he is not asking to be released from custody. Instead, Bimpeh is seeking restitution in the form of monetary payments. This relief falls outside the subject matter jurisdiction conferred by § 2255.

The Second Circuit Court of Appeals has squarely held that challenges to restitution orders are not cognizable on a 28 U.S.C. § 2255 motion to vacate. *Kaminski v. United States*, 339 F.3d 84, 89 (2d Cir. 2003); *see also McEwan v. United States*, 279 F. Supp. 2d 462, 464 (S.D.N.Y. 2003). In *Kaminski*, the Second Circuit held, in part, that a district court faced with a petitioner alleging ineffective assistance of counsel for failure to object to a restitution order was without subject matter jurisdiction to determine whether counsel was, in fact, ineffective. *Id.* at 85 n.1. The court specifically stated that § 2255 "may not be used to bring collateral challenges addressed solely to noncustodial punishments." *Id.* at 87.

*Kaminski* did leave open the possibility that a § 2255 motion may nevertheless be appropriate where a petitioner alleges that a restitution order is so burdensome that it amounts to a restraint on his liberty. *Id.* However, the petition before the Court, like the petition in *Kaminski*, does not amount to a restraint on liberty. In *Kaminski*, the restitution order the court found to be non-custodial was limited to monthly payments of the greater of ten percent of petitioner's monthly income or $100. *Id.* The restitution order in the instant matter similarly seeks payments in monthly installments of fifteen percent of gross monthly income, which was accepted in $50 or $100 increments.

In fact, Petitioner does not even allege that the restitution order which he contests constitutes a restraint on his liberty. He instead focuses his petition on his lawyer's failure to inform him of the possibility of restitution and to appeal the restitution order as Petitioner allegedly requested. With no basis for finding a restraint on liberty, this Court has no subject matter to hear Petitioner's motion.

For the foregoing reasons, Petitioner's motion is denied.

**SO ORDERED.**

Dated: November 10, 2008
New York, NY

U.S.D.J.